UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

AVIVA TRUCKING SPECIAL LINES
ET AL.,
                    Plaintiffs,

    -against-

DARNELL M. ASHE, SR. ET AL.,

                    Defendants.

18-cv-11180 (JGK)
OPINION AND ORDER

------------------------------------

JOHN G. KOELTL, District Judge:

Thunder Bay Regional Health Sciences Center ("Thunder Bay"), which was insured by Aviva Trucking Special Lines ("Aviva"), contracted with the defendant Farber Specialty Vehicles ("Farber") to transport Thunder Bay's bus carrying a custom medical unit from Canada to New York. Farber, in turn, contracted with Bennett Truck Transport, LLC and Bennett DriveAway to drive the bus from Farmingdale, New York to Reynoldsburg, Ohio. Bennett employed Darnell M. Ashe, Sr. who drove the vehicle and Ashe allegedly damaged the bus by driving it negligently on the FDR Drive in New York City. The plaintiff Aviva, for itself and as subrogee for its insured, Thunder Bay, now sues Farber and the three Bennett defendants under various state law claims for the damage to the bus. The Bennett defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706,

1

preempts the state law claims. The plaintiff Aviva for itself and as subrogee for Thunder Bay and defendant Farber argue that the contract between Farber and the Bennett defendants waived the Carmack Amendment and therefore the state law claims are not preempted.

For the following reasons, the motion to dismiss the state law claims is **denied**.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

**II.**

The following facts alleged in the Complaint are accepted as true for the purposes of ruling on the motion to dismiss.

The plaintiff Aviva is in the business of automobile insurance. Its insured, Thunder Bay, contracted with Farber sometime prior to February 19, 2016 to have Farber transport Thunder Bay's Prevost VIP-45 bus equipped with a custom medical unit, from Canada to New York for refurbishment. Compl. ¶¶ 10-13. Shortly thereafter, Farber subcontracted with Bennett DriveAway, a trade name for a division of Bennett Truck Transport, LLC, to drive the plaintiff's bus from Farmingdale, New York to Reynoldsburg, Ohio. Id. ¶ 14.

Farber signed a standard rate Confirmation Sheet prepared by Bennett DriveAway, which included attached Terms and Conditions. Nwaneri Decl. Exs. B, C. Clause 8 of the Terms and Conditions reads: "Contract Carrier: This contract service is designed to meet the distinct needs of the customer and the parties expressly waive all rights and obligations allowed by 49 U.S.C. 14101 to the extent [they] conflict with the terms of this contract." Id. at Ex. C. Clause 11 reads: "Governing Law/Jurisdiction: This contract shall be deemed to have been accepted in McDonough, Georgia and shall be governed by and construed under the laws of the State of Georgia. All disputes arising hereunder shall be heard exclusively in the State Court of Henry County, Georgia and the parties hereby consent and submit thereto." Id.

On or about February 23, 2016, Mr. Ashe was driving the plaintiff's vehicle towards an underpass at the entrance to the FDR Drive in New York City. Compl. ¶¶ 16-17. As a result of Mr. Ashe's allegedly negligent driving, the vehicle struck the overpass and was damaged. Id. ¶ 20.

On October 10, 2018, the plaintiff filed suit in the Supreme Court of New York, New York County. Dkt. No. 4-1. On November 30, 2018, the defendants removed the case to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), as well as its jurisdiction under 28 U.S.C.

§ 1337(a) and 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act. Pet. of Removal ¶¶ 10-13.

The Bennett defendants filed the current motion to dismiss pursuant to Rule 12(b)(6) on the grounds that the state law claims in the Complaint are preempted by the Carmack Amendment. The plaintiff and Farber oppose the motion to dismiss on the grounds that the contract between Farber and the Bennett defendants waived the Carmack Amendment.

**III.**

The plaintiff and Farber acknowledge that, in general, the Carmack Amendment preempts all state law claims, but allege that Clauses 8 and 11 of the Terms and Conditions of the contract between the Bennett defendants and Farber waived the Carmack Amendment. If the parties waived the Carmack Amendment, then the state law claims are not preempted. Thus, the operative question at this stage is whether the contract between Farber and Bennett, specifically Clauses 8 and 11 of the Terms and Conditions, constitutes a valid waiver of the Carmack Amendment.

**A.**

The Carmack Amendment to the Interstate Commerce Act requires that "[a] carrier and any other carrier that deliver[] the property and is providing transportation or service subject to jurisdiction under [49 U.S.C. § 13501] are liable to the person entitled to recover under the receipt or bill of lading."

49 U.S.C. § 14706(a)(1). The Amendment further specifies that "liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading." Id. The Amendment covers interstate transports that are made "by motor carrier," which is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14); see 49 U.S.C. § 13501(1)(A). The Carmack Amendment authorizes suits "brought against a delivering carrier in a district court of the United States or in a State court." 49 U.S.C. § 14706(d)(1).

The Carmack Amendment preempts all state law on the issue of interstate carrier liability. See Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."). The Carmack Amendment was meant "to provide interstate carriers with reasonable certainty and uniformity in assessing their risks and predicting their potential liability," which it accomplished "by establishing a single uniform regime for

6

recovery by shippers directly from the interstate common carrier in whose care their items are damaged and by preempting the shipper's state and common law claims against a carrier for loss or damage to goods during shipment." Project Hope v. M/V IBN SINA, 250 F.3d 67, 73 n.6 (2d Cir. 2001) (quotation marks and alterations omitted).

Thus, in the first instance, the Carmack Amendment covers any claims arising out of the shipment of the plaintiff's vehicle by Farber and its subcontractors, the Bennett defendants, from New York to Ohio because the shipment was an interstate shipment and was made by motor carrier, namely by a motor vehicle. Without more, the Carmack Amendment preempts the plaintiff's state law claims for the "actual loss or injury to the property caused by" the defendant carriers. 49 U.S.C. § 14706(a)(1).

## B.

### 1.

However, parties to a shipping contract may validly waive the Carmack Amendment if they, "in writing, expressly waive any or all rights and remedies under [the part of the United States Code governing the liability of carriers that includes the Carmack Amendment] for the transportation covered by the contract." 49 U.S.C. § 14101(b)(1).

A waiver is effective when it expressly appears on the face of the contract provision in question. In Sanofi-Aventis U.S., LLC v. Great Am. Lines, Inc., No. 10-2023, 2016 WL 4472949, at *2-3 (D.N.J. Aug. 22, 2016), the contract provision that the court found to be a valid waiver of the Carmack Amendment read as follows: "Pursuant to 49 U.S.C.A. § 14101(b)(1), the parties expressly waive any and all provisions under the ICC Termination Act of 1995, U.S. Code Title 49, Subtitled IV, Part B, and the regulations thereunder to the extent such provisions conflict with the terms of the Transportation Contract or the parties' course of performance hereunder." Similarly, in Smithfield Beef Group-Tolleson, Inc. v. Knight Refrigerated, LLC, No. CV 08-1923, 2009 WL 1651289, at *2 (D. Ariz. June 12, 2009), the provision read: "WHEREAS, the parties expressly waive any and all rights and remedies under the ICC Termination Act for the transportation provided hereunder pursuant to 49 U.S.C. § 14101(b)(1)." In both cases, the courts found that the contract provisions were express waivers of the Carmack Amendment and enforced those waivers.

On the other hand, courts have refused to imply waivers of the Carmack Amendment from contract provisions that were not express waivers. See, e.g., McKesson Corp. v. Longistics Transp., Inc., No. 09cv250, 2010 WL 11564989, at *7 (E.D.N.C. Nov. 4, 2010) (choice of law provision not an express waiver of

8

the Carmack Amendment); MidAmerican Energy Co. v. Start Enters., Inc., 437 F. Supp. 2d 969, 973 (S.D. Iowa 2006) (same); Central Transp. Int'l, Inc. v. Alcoa, No. 06cv11913, 2006 WL 2844097, at *3 (E.D. Mich. Sept. 29, 2006) (same); Phillips 66 Co. v. Smith Tank & Equip. Co., No. 4:17cv0388, 2018 WL 4334007, at *3 (S.D. Tx. July 31, 2008) (arbitration clause not an express waiver of the Carmack Amendment).

**2.**

In this case, while Clause 11 – the choice of law provision – is not an express waiver of the Carmack Amendment, it is plain that Clause 8 expressly waives the Carmack Amendment by stating that "[t]his contract service is designed to meet the distinct needs of the customer and the parties expressly waive all rights and obligations allowed by 49 U.S.C. 14101 to the extent [they] conflict with the terms of this contract." Nwaneri Decl. Ex. C. Clause 8 is substantially similar to the waivers found valid in Sanofi-Aventis and Smithfield Beef. The most natural reading of this clause is that "the parties expressly waive all rights and obligations allowed [to be waived by] 49 U.S.C. 14101 to the extent they conflict with the terms of this contract." Those "rights and obligations" include the Carmack Amendment.

The Bennett defendants raise several points to argue for the first time in the reply brief that Clause 8 is an ineffective waiver. Generally, "a court should not consider

arguments that are raised for the first time in a reply brief." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 n.5 (2d Cir. 2006) (Sotomayor, J.). In any event, the Bennett defendants' arguments are without merit.

First, the Bennett defendants argue that Clause 8 is ineffective because it does not refer to the "ICC Termination Act," "Carmack," or "49 U.S.C. § 14706." However, the inclusion of such "magic words" is unnecessary for a provision to constitute an effective waiver. All that is necessary is that the Carmack Amendment be "expressly waive[d]." 49 U.S.C. § 14101(b)(1). The provision in § 14101(b)(1) that authorizes express waivers refers to the rights and remedies "under this part," which is to say the part of the United States Code relating to carriers that includes 49 U.S.C. § 14706, the Carmack Amendment. The waiver provision in this case, like the waiver provisions found effective in Smithfield Beef and Sanofi-Aventis, contains an express reference to § 14101(b)(1), and therefore is similarly effective.

The Bennett defendants next argue that there is no express waiver of the Carmack Amendment because Clause 8 waives only "rights" and "obligations," and does not mention "remedies" under the Carmack Amendment. Reply, at 3. No case supports such an argument, and there is no reasonable basis to ignore the

10

express waiver of rights and obligations in Clause 8 simply because it did not include the word "remedies."

The Bennett defendants also cite <u>Smithfield Beef</u>, a case in which the court was called to decide whether, notwithstanding the existence of an express waiver, references to the Carmack Amendment in at least five places throughout the parties' contract had the effect of reviving the Carmack Amendment. The court held that there was an effective waiver of the Carmack Amendment as a whole, but that the parties had then re-incorporated selectively certain aspects of the Carmack Amendment. <u>Smithfield Beef</u>, 2009 WL 1651289, at *2-*3. The Bennett defendants point to no similar resuscitation of any specific parts of the Carmack Amendment in the contract between Farber and the Bennett defendants.

Next, the Bennett defendants argue that Clause 8 is not an effective waiver because although it purports to waive "all rights and obligations allowed by 49 U.S.C. § 14101," it does so only "to the extent they conflict with the terms of this contract," and there is no conflict between the Carmack Amendment and the Confirmation Sheet. Reply, at 5. However, there is a conflict to the extent that the Carmack Amendment preempts state law causes of action that otherwise would be permitted under the contract, for example state claims maintained under Clause 11. Moreover, in <u>Sanofi-Aventis</u>, the

11

court construed a similarly worded provision, and found that there was a valid waiver notwithstanding limiting language in the contract that purported to waive the Carmack Amendment "to the extent that [the Carmack Amendment conflicts] with the terms of the Transportation Contract or the parties' course of performance hereunder." Id. at *2 (some alterations omitted). In Sanofi-Aventis, the court held that the limiting language did not undermine the validity of the waiver, but rather that it indicated that the Carmack Amendment was waived as a whole subject to default rules of the Carmack Amendment written specifically elsewhere in the parties' contract. Id.

Finally, reading Clause 8 as an effective waiver of the Carmack Amendment prevents the Clause from becoming meaningless surplusage in the contract. See Smithfield Beef, 2009 WL 1651289, at *2 (choosing one interpretation of a contract containing a purported Carmack Amendment waiver over another "given the general rule that a contract must be interpreted 'to give meaning to all of its terms, presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous.'") (quoting Allen v. Honeywell Ret. Earnings Plan, 382 F. Supp. 2d 1139, 1165 (D. Ariz. 2005)). The Bennett defendants have suggested no reasonable interpretation of Clause 8 that does not include a waiver of the Carmack Amendment.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the motion by the Bennett defendants to dismiss the plaintiff's causes of actions as pre-empted by the Carmack Amendment is **denied**. The clerk is directed to close docket number 29.

**SO ORDERED.**
**Dated:    New York, New York**
**September 13, 2019**

_____
**John G. Koeltl**
**United States District Judge**